NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KEVIN JOHNSON,                          :

        Plaintiff,     :

                            Civil Action No. 01-4451(JWB)

        v.                     :

POLO RALPH LAUREN CORP.;       :              **O P I N I O N**
ABC CORP., DEF CORP.,
GHI CORP., Jointly, Separately:
and Individually,
                                        :
        Defendants.

                                        :

**APPEARANCES**:

    HUNTINGTON BAILEY
    By:  Teresa J. Gundersen, Esquire
    312 Kinderkamack Road
    Westwood, New Jersey  07675
    (Attorneys for Plaintiff)

    PROSKAUER ROSE
    By:  John R. Seewald, Jr., Esquire
    One Newark Center
    Newark, New Jersey  07102-5211
    (Attorneys for Defendant
    Polo Ralph Lauren Corporation)

**BISSELL**, Chief Judge

    This matter comes before the Court on plaintiff's motion to vacate Magistrate Judge Haneke's discovery Order dated June 14, 2005.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1338 and 1400(b).

## FACTS and PROCEDURAL HISTORY

On or about July 25, 2001, plaintiff Kevin Johnson ("Mr. Johnson" or "plaintiff") filed this employment discrimination action against his employer defendant Polo Ralph Lauren Corporation ("Polo" or "defendant").  On September 20, 2001, defendant removed the action to this Court asserting subject matter jurisdiction founded on 28 U.S.C. § 1332(a).  Thereafter, plaintiff moved to remand the matter back to the Superior Court of New Jersey.  On January 29, 2002, this Court filed an Opinion and Order denying plaintiff's motion to remand and denying this motion for attorney's fees and costs.  See Kevin Johnson v. Polo Ralph Lauren Corp., Civil 01-4451(JWB) (Order and Opinion) (Jan. 29, 2002).

This Opinion will rely on the facts as presented in its January 29, 2002 Opinion.  (See id. at 2).  Additional facts presented here will be appropriately cited.

On June 14, 2005, Magistrate Judge Haneke filed an Order denying without prejudice plaintiff's motion to compel additional answers to interrogatories and further document production.  See Kevin Johnson v. Polo Ralph Lauren Corp., Civil 01-4451 (Order, Haneke, MJ) (June 14, 2005).  The June 14, 2005 Order quashed the third-party subpoenas.  (See id.)  Judge Haneke further ordered that the plaintiff shall submit to a deposition before July 31, 2005.  (See id.)

This Court granted plaintiff an extension for an appeal of Judge Haneke's June 14, 2005 Order.  Thereafter plaintiff filed the instant motion on July 8, 2005.

## DISCUSSION

## I.  Standard of Review

A United States Magistrate Judge has broad discretion in deciding a discovery motion.  See Fed. R. Civ. P. 72(a).  "Where a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of discretion."  Cooper Hospital/University Med. Ctr. v. Sullivan, 183 F.R.D. 119, 127 (D.N.J. 1998); Lithuanian Commerce Corp. v. Sara Lee Hosiery, 177 F.R.D. 205, 214 (D.N.J. 1997).  "This test displays considerable deference to the determination of magistrates in such matters."  7 Moore's Federal Practice ¶ 72.03(7.-3) at 72-42 (1989).

On appeal from such an order, the scope of this Court's review is narrow.  Local Rule 72.1(c)(1)(A) governs appeals from non-dispositive orders of United States Magistrate Judges.  It directs the Court to consider an appeal from a non-dispositive Magistrate's order and set aside any portion of it found to be "clearly erroneous or contrary to law."  28 U.S. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1120 (3d Cir. 1986), cert. denied, 484 U.S. 976 (1987). "Generally, any motion relating to a discovery issue is

considered non-dispositive."  L. Civ. R. 72.1(a) n.3 at 183

(2002).  A finding is "clearly erroneous" when, "although there

is evidence to support it, the reviewing court on the entire

evidence is left with the definite and firm conviction that a

mistake has been committed."  Anderson v. City of Bessemer, 470

U.S. 564, 573 (1985); Republic of Philippines v. Westinghouse

Elec. Corp., 132 F.R.D. 384, 387 (D.N.J. 1990) (quoting United

States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).

## II.  Analysis

Discovery disputes in federal courts are governed by federal

law, namely the Federal Rules of Civil Procedure and the Federal

Rules of Evidence.  See Pearson v. Miller, 211 F.3d 57, 61 (3d

Cir. 2000).  The Federal Rules of Civil Procedure provide, in

pertinent part, that "[p]arties may obtain discovery regarding

any matter, not privileged, which is relevant to the subject

matter involved in the pending action, whether it relates to the

claim or defense of the party seeking discovery or to the claim

or defense of any other party ...."  Fed. R. Civ. P. 26(b)(1).

The information sought need not be admissible at the trial as

long as it appears reasonably calculated to lead to the discovery

of admissible evidence.  (See id.)  It is well recognized that

the federal rules allow broad and liberal discovery.  Moreover,

the basic standard of relevance under the Federal Rules of

Evidence is a liberal one.  Daubert v. Merrell Dow Pharm., Inc.,

509 U.S. 579 (1993).

In this case, the plaintiff requested discovery relating to three categories:  (1) information regarding third-party claims of discrimination; (2) corporate information on discrimination and diversity; (3) information as to promotions and advancement within the company.  (See Plaintiff's Br. at 4).  According to the plaintiff, defendants have refused to provide this discovery and have instead limited all discovery to the Purchasing Department where plaintiff was employed.  (See id. at 4, n.2). Plaintiff has also requested third-party subpoenas relevant to the three categories listed above.  (See id. at 5).

Plaintiff contends that he provided Judge Haneke with proof of his allegations that included memoranda and e:mails from the defendant Polo Ralph Lauren, Corp., EEOC formal determinations, lists made by the plaintiff of names of people known to him to have made claims against defendants, and of people known to him to have been terminated as a result of discrimination and names of people known to him to have been retained by defendants to change the discriminatory practices.  (See id.)  Plaintiff argues that "[w]here discovery sought is relevant, there is no just cause for preventing it simply because it may be extensive." (Id. at 10).  Further, plaintiff contends that requiring his deposition as a contingency to discovery "is improper and unfair."  (Id.)

Defendant argues that Judge Haneke's June 14, 2005 Order was not an abuse of discretion and therefore should be affirmed. (See Defendant's Br. at 1).  This Court agrees.  Judge Haneke's Order did not prevent the plaintiff from renewing his motions following his own deposition.  The June 14, 2005 Order was without prejudice and, therefore, does not, as plaintiff contends, "effectively remove[] Plaintiff's right to discovery all of the information that would prove the elements of the cause of action pled."  (Plaintiff's Br. at 10).

In fact, Judge Haneke "expressed his belief that plaintiff's deposition might enable the parties to re-examine, in a more focused fashion, whether plaintiff's requests for broader discovery than has been provided to date had any merit when considered in light of plaintiff's deposition testimony" (Defendant's Br. at 2).  Moreover, Judge Haneke "expressly advised plaintiff and his counsel that they may renew their motion following completion of plaintiff's deposition."  (Id. at 4).  Therefore, plaintiff's argument that the June 14, 2005 Order precludes any further discovery by the plaintiff fails.  Rather, Judge Haneke's June 14, 2005 Order attempts to facilitate a more specified and efficient discovery process.

This Court agrees with the defendant that Judge Haneke's Order is consistent with the broad discretion given to a magistrate judge.  As discussed above, in a case such as this the

scope of this Court's review if narrowly limited to whether the

Magistrate's Order is found to be clearly erroneous or contrary

to law.  (See 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 72(a)).

Pursuant to Fed. R. Civ. P. 26(b)(2)(iii), discovery may be

limited when "the burden or expense of the proposed discovery

outweighs its likely benefit."  Thus, it is within Judge Haneke's

discretion to decide whether in this case the burden outweighs

the benefit and therefore deny plaintiff's request.  Clearly this

was a consideration by Judge Haneke during oral argument, when he

stated that plaintiff's discovery requests were "overbroad."

(Defendant's Br. at 8).  It is also within Judge Haneke's

discretion to decide whether the plaintiff's broad discovery

requests are better addressed following the plaintiff's

deposition.  Thus Judge Haneke's June 14, 2005 Order is not an

abuse of discretion and was not clearly erroneous.

Furthermore, Judge Haneke's decision is in accordance with

the relevant case law dealing with similar discovery issues.  In

a single-plaintiff employment discrimination action alleging

discrete acts of discrimination, the proper scope of discovery is

to the plaintiff's work group or unit.  See Kresefky v. Panasonic

Communications & Sys. Co., 169 F.R.D. 54, 66 (D.N.J. 1996) ("The

most natural focus is on the source of the complained of

discrimination - the employing unit or work unit.")

Hence, there is nothing in the record reflecting clear error

or abuse of discretion by Judge Haneke regarding the June 14,
2005 Order.  Therefore the plaintiff's motion to vacate the Order
must fail.

### CONCLUSION

For the foregoing reasons, the Court denies plaintiff's
motion to vacate Judge Haneke's June 14, 2005 Order.


/s/    John W. Bissell
                    JOHN W. BISSELL
                      Chief Judge
            United States District Court



DATED:  August 3, 2005